UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 12 6267

------------------------------------------------------------X

STACY BAZILE,

Civil Action No.:

                     Plaintiff,

     -against-

**VERIFIED COMPLAINT**

THE NEW YORK CITY DEPARTMENT
OF EDUCATION,

                   Defendant.

Jury Trial Demanded

------------------------------------------------------------X

     Plaintiff STACY BAZILE, by and through her undersigned counsel, THE COCHRAN FIRM, as and for her Verified Complaint against Defendant, respectfully sets forth and alleges that:

## NATURE OF THE CLAIMS

     1.    This is a civil action for injunctive, compensatory, punitive, and exemplary damages for the sexual assault, negligence, recklessness, and carelessness of Defendant, its agents, servants and/or employees, in both its individual and official capacities.

     2.    This action asserts violations of plaintiff Stacy Bazile's civil and constitutional rights secured under the United States Constitution, particularly the first 1st, 5th, 8th and 14th Amendments and 42 U.S.C. Section 1983, and Monell.

     3.    This case arises out of incidents occurring on or about April 28, 2009 until at least May 9, 2008.

     4.    Defendant's conduct was knowing, malicious, willful, wanton and in reckless disregard of the Plaintiff's, Stacy Bazile, rights. It has caused and continues to cause Plaintiff substantial economic and non-economic harm, severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, as this case is based on a federal question because of her rights protected by 42 U.S.C. § 1983, and by the Monell doctrine.

6.      The venue of this action is proper in this District under 28 U.S.C. §1391 (b).

## PARTIES

7.      Plaintiff STACY BAZILE is currently 18 years of age having been born on August 20, 1994 and a resident of Queens, New York.  And at the time of the occurrences as mentioned herein, she was 13 years of age.

8.      Defendant THE NEW YORK CITY DEPARTMENT OF EDUCATION runs the City of New York's public school system and its principal place of business is 52 Chambers Street, Room 320, New York, New York 10007.  At all relevant times, the Defendant The New York City Department of Education was responsible for hiring, training, monitoring and supervising its employees.

## PROCEDURAL HISTORY

9.      Plaintiff filed a Notice of Claim against the City of New York on July 31, 2009.

10.     Plaintiff filed a suit against the City of New York and Dwight Morgan in New York State Supreme Court, Queens County on or about August 18, 2009.

11.     The Complaint filed alleged federal causes of actions.

12.     Plaintiff moved to amend the Complaint adding The New York City Department of Education on or about June 3, 2010.

13.     The City of New York cross-moved to dismiss the Complaint.

14.     Judge Flug denied the motion to amend adding The New York City Department of Education holding that the Department of Education had no actual knowledge of the events and because there was a failure to file a Notice of Claim.  (Decision annexed hereto as **Exhibit 1**).

15.     Plaintiff filed a motion to renew and reargue, which was denied. (Decision annexed hereto as **Exhibit 2**).

16.     As to the decision regarding federal allegations, it is clearly erroneous as there is no Notice of Claim requirement.  See General Municipal Law §§ 50-e, 50-i; Pendleton v. City of New, 44 A.D.3d 733, 738, 843 N.Y.S.2d 648 (2d Dep't 2007).

17.     Plaintiff appealed the lower court decision.  However, the appellate decision did not address that aspect of the ruling notwithstanding the fact that the Plaintiff raised it during appeal.  (Decision annexed hereto as **Exhibit 3**).  Since that decision, Plaintiff sought leave to appeal to the Court of Appeal and it was denied.

18.     Plaintiff was born on August 20, 1994 and reached the age of majority on August 20, 2012.  The statute of limitations is tolled until she reached the age of majority. She now has until August 20, 2015 to file suit.

19.     As such, Plaintiff, since she was not permitted to file federal claims against The New York City Department of Education, is doing so now.

## FACTS

20.     At the time of the occurrences Plaintiff Bazile was an infant and a full time student at Intermediate School (I.S.) 147, a public school that was located in Queens, New York and operated, controlled, managed and/or maintained by Defendant The New York City Department of Education.

21.     Plaintiff Bazile was suspended from school for two days from April 28, 2008 until April 30, 2008.  She was mandated to serve her suspension at I.S. 116, a public school operated, controlled, managed and/or maintained by Defendant The New York City Department of Education, located at 107-25 Wren Place, Queens, New York.  Dwight Morgan, an adult male Department of Education employee supervised her suspension.

22.     The New York City Department of Education breached its duty to conform to a certain standard of care requiring that its servants, agents, teachers, school aides, and/or employees conduct themselves in a manner not injurious to others by not properly conducting a thorough investigation of Dwight Morgan prior to hiring him to work as a school aide for children.

23.     Dwight Morgan was assigned to monitor I.S. 116's suspension program as a school aide.  In this capacity, he met Plaintiff Bazile who was 13 years old at the time on or about April 28, 2008.

24.     For several days after, Dwight Morgan sent several sexually suggestive text messages to Plaintiff Bazile and sexually harassed her both while at school and on the telephone.

25.     On or about May 2, 2008, Plaintiff Bazile was sexually harassed and intimidated by Defendant Morgan.  He followed her on her way home from school and forced her into his vehicle.  He brought her to his residence where he forced Plaintiff Bazile to engage in oral and vaginal sexual intercourse.

26.     Dwight Morgan continued to sexually harass Plaintiff Bazile.

27.     Soon after on May 9, 2008, the Plaintiff's mother and guardian Marie Ulysse learned of her daughter's rape and sexual harassment and immediately notified officials at I.S. 116 and the New York City Police Department.

28.     Defendant The New York City Department of Education had a policy and procedure of having unlicensed, untrained, unsupervised paraprofessionals supervising young girls in a confined detention classroom.  This policy was in reckless disregard to the rights of children like Plaintiff who were compelled to attend what amounted to a penal environment.

29.     Defendant The New York City Department of Education breached its duty to conform to a required standard of care requiring that its servants, agents, teachers, school aides, and/or employees conduct themselves in a manner not injurious to others by not properly training Defendant Morgan prior to and during his employment as a school aide for children.

30.     Defendant The New York City Department of Education breached its duty to conform to a required standard of care requiring that its servants, agents, teachers, school aides, and/or employees conduct themselves in a manner not injurious to others by not properly supervising Defendant Morgan prior to and during his employment as a school aide for children.

31.     As a result of Defendant The New York City Department of Education's failure to properly hire, train and supervise its employees, Dwight Morgan was able to act in reckless disregard to the rights of Stacy Bazile by abusing his role as a school aide at I.S. 116 by harassing, molesting, assaulting, and raping Plaintiff Bazile when she was an infant.

32.     Dwight Morgan was subsequently arrested on or about May 9, 2008 and charged with rape in the second degree, criminal sexual act in the second degree, and endangering the welfare of a child.

33.     Dwight Morgan was convicted and imprisoned for his criminal wrongdoing.

## AS AND FOR A FIRST CAUSE OF ACTION
## BEHALF OF PLAINTIFF STACY BAZILE
### (42 U.S.C. § 1983)

34.    Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 33, inclusive, as if fully set forth herein.

35.    While being forced to face disciplinary detention, Defendant The New York City Department of Education violated its duty to provide for and/or ensure the safety, protection, and well-being of Plaintiff Stacy Bazile who was in the presence, custody and/or control of its personnel.

36.    Defendant The New York City Department of Education had a duty to ensure that the actions, activities and behavior of its said servants, teachers, school aides and/or employees allowed for the safety of students it ordered to face disciplinary detention.  By not doing so, Defendant The New York City Department of Education through its employee Dwight Morgan violated the Plaintiff's due process rights under the 4th, 5th, and 14th Amendments to the Constitution and 42 U.S.C. §1983.

37.    At all relevant times, Dwight Morgan was an employee of the Defendant The New York City Department of Education as a school aide and representative.  Thus, Defendant had a duty to ensure that the actions, activities and behavior of Dwight Morgan conformed to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm, and not in a manner so as not to intentionally wantonly and/or negligently cause injuries to others, including Plaintiff Bazile herein.

38.    Dwight Morgan in the course and scope of his employment as a school aide for Defendant The New York City Department of Education violated the Constitutional Rights of Plaintiff Bazile to be safe and secure in her person guaranteed to her by the 4th, 5th, and 14th Amendments.   She was also subjected to cruel and unusual punishment under the 6th

6

Amendment, by virtue of being sexually harassed, assaulted, abused, molested, offensively touched and battered.

39.    As a result of the Defendant's actions, Plaintiff Bazile was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which are permanent in nature and duration, Plaintiff Bazile will be permanently caused to suffer pain, inconvenience and other effects of such injuries.  Additionally, Plaintiff Bazile incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries, and Plaintiff Bazile has suffered and will necessarily suffer additional loss of time and enjoyment from school, and she will be unable to pursue her usual duties with the same degree of efficiency as prior to this occurrence, all to her great damage.

40.    The resulting injuries sustained by Plaintiff Bazile were caused solely by reason of the unlawful sexual harassment, assault, carelessness, negligence, child abuse, child endangerment, intentional infliction of emotional distress, wrongful assault and battery on the part of the Defendant, its servants, agents, coaches, instructor and/or employees, in violation of Plaintiff Bazile's Civil and Constitutional rights, and without any cause, provocation, or negligence on the part of Plaintiff Bazile contributing thereto.

### AS AND FOR A SECOND CAUSE OF ACTION
### BEHALF OF PLAINTIFF BAZILE STACY BAZILE
### (Monell Doctrine)

41.    Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 40, inclusive, as if fully set forth herein.

42.    At all relevant times, the Defendant maintained a custom, practice and/or policy of allowing untrained, unsupervised and unlicensed male aides to administer punitive detention

on infant female children.   On information and belief, this policy has allowed numerous instances of sexual assault, child endangerment and other acts of violence against infant female students.  The failure of the Department of Education to change their policy, practice or custom has risen to the level of reckless disregard to the rights of similarly-situated students.

43.     As a result of the foregoing policies, customs and/or practices, Plaintiff Bazile was seriously injured.

WHEREFORE, Plaintiff prays that the Court enter judgment in their favor and against the Defendants, containing the following relief:

A.     An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest, to compensate Plaintiff for her monetary and/or economic damages;

B.     An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest, to compensate Plaintiffs for all her non-monetary and/or compensatory damages, including but not limited to, compensation for severe mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, emotional pain and suffering and other physical and mental injuries;

C.     An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

D.     Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues of fact and damages.

Dated: New York, New York
       December 13, 2012

Yours, etc.,

Tracey L. Brown, Esq. (TB-4094)
Derek S. Sells, Esq. (DS-8891)
THE COCHRAN FIRM
Attorneys for Plaintiff
233 Broadway, 5th Floor
New York, New York 10279
(212) 553-9215

<u>ATTORNEY'S VERIFICATION</u>

The undersigned, an attorney, duly admitted to practice law in the Courts of the State of New York and the Eastern District of New York, hereby affirms the truth of the following under penalty of perjury:

I am a member of THE COCHRAN FIRM, attorneys for the plaintiff in the above action. I have read the annexed **COMPLAINT** and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: investigation, interviews with client, records, reports, documents, correspondence, data, memoranda, etc., contained in the file.

The reason I make this verification instead of plaintiff, is that the plaintiff resides out of the County of New York, wherein I maintain my offices.

Dated: New York, New York
       December 13, 2012

TRACEY L. BROWN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STACY BAZILE,

                                   Plaintiff,

        -against-

THE NEW YORK CITY DEPARTMENT
OF EDUCATION,

                                   Defendant.
-------------------------------------------------------------X

# Exhibit 1

2009/22257 ORDER SIGNED (Page 1 of 4)



SHORT-FORM ORDER

NEW YORK SUPREME COURT - QUEENS COUNTY

Present: <u>HON. PHYLLIS ORLIKOFF FLUG</u>,   IA Part 9
Justice

| | |
|---|---|
| STACY BAZILE, an infant by her mother and natural guardian, MARIE ULYSSE, and MARIE ULYSSE, individually, | Index Number..22257/09 |
| | Motion Date...8/3/10 |
| | Motion Cal. Number.......1 |
| Plaintiff, | |
| -against- | Sequence No...3 |
| THE CITY OF NEW YORK and DWIGHT MORGAN, | |
| Defendant. | |

QUEENS COUNTY CLERK
FILED
2010 OCT 15 A 10 : 7

The following papers numbered 1 to 6 read on this motion

| | |
|---|---|
| Notice of Motion | 1 - 2 |
| Notice of Cross-Motion | 3 |
| Affirmation in Opposition | 4 |
| Reply Affirmation | 5 |
| Memorandum of Law | 6 |

Plaintiffs move, inter alia, to amend the Notice of Claim to add the New York City Department of Education as a defendant. Defendant, the City of New York, cross moves to dismiss Plaintiffs' Complaint as asserted against them.

This is an action to recover damages for personal injuries and the deprivation of civil and constitutional rights allegedly sustained by Plaintiff Stacy Bazile between May 2, 2008 and May 9, 2008 as a result of being sexually assaulted by Defendant Dwight Morgan.

A Notice of Claim must be served within ninety days after the claim arises (GML 50-e[1][a]). A court may grant the claimant leave to serve a late Notice of Claim if leave is sought within the statue of limitations for commencement of the action—one year and ninety days after accrual of the claim (See GML 50-e; <u>Pierson v. City of New York</u>, 56 N.Y.2d 950 [1982]).

The City was served with a Notice of Claim on July 31, 2008 that identified Stacy Bazile as the only Claimant and The City of New York, Dwight Morgan, and "John Does" as the only Defendants. On May 28, 2010, the City was served with an Amended Notice of Claim that again identified Stacy Bazile as the only Claimant and identified The City of New York and the New York City Department of Education as the only defendants.

Plaintiff Marie Ulysse, the mother and natural guardian of Plaintiff Stacy Bazile, never filed a Notice of Claim for her individual claims against any defendant nor has she made any application to file a late Notice of Claim. Plaintiff Ulysse's time to file a notice of claim expired on August 7, 2008. Her time to apply for leave to serve a late Notice of Claim expired on August 7, 2009. Accordingly, Plaintiff Ulysse's individual claim against the City of New York must be dismissed for failure to file a timely notice of claim. Moreover, the Complaint was filed on August 18, 2009, more than one week after the statute of limitations had expired. Accordingly, Plaintiff Ulysse's individual claim must be dismissed in its entirety.

A court has the discretion to allow a party to correct a good faith mistake, omission, irregularity, or defect in the notice of claim if it would not prejudice the other party (See GML 50-e[6]). However, GML 50-e[6] does not permit amendments to a notice of claim that are substantive in nature (Zwecker v. Clinch, 279 A.D.2d 572, 574 [2d Dept. 2001]). Adding a new party is a substantive change that cannot be corrected by amending the notice of claim (See Moore v. Melesky, 14 A.D.3d 757, 759 [3d Dept. 2005]; Candelario v. MTA Bus Co., 875 N.Y.S.2d 819 [Sup. Ct. Bronx County 2008]). Thus, Plaintiffs cannot amend the notice of claim to add the Department of Education as a defendant.

In their reply papers, Plaintiffs alternatively frame their request to amend as a request to file a late notice of claim against the Department of Education. As noted above, Plaintiff Ulysse's time to seek leave to file a late notice of claim expired more than one year ago. For Plaintiff Bazille, however, the statute of limitations on her claims is tolled until the time of her 18th birthday (See Lanphere v. County of Wash., 301 A.D.2d 936, 937 [3d Dept. 2003]). As such, she is well within the time period in which the Court may entertain her petition to file a late Notice of Claim.

"In determining whether to grant leave to serve a late notice of claim, the court must consider certain factors, including, inter alia, whether the claimant demonstrated a reasonable excuse for failing to timely serve a notice of claim, whether the respondents acquired actual knowledge of the facts

constituting the claim within 90 days of its accrual or a reasonable time thereafter, and whether the respondents were substantially prejudiced by the delay" (Kumar v. City of New York, 52 A.D.3d 517 [2d Dept. 2008] (citing GML 50-e(5); Felice v. Eastport/South Manor Cent. School Dist., 50 A.D.3d 138, 143-45 [2d Dept. 2008]; Matter of Rennell S. V. North Jr. High School, 12 A.D.3d 518 [2d Dept. 2004]; Matter of Valestil v. City of New York, 295 A.D.2d 619 [2d Dept. 2002])).

Plaintiffs contend that all of these factors weigh in their favor. First, they point to the fact that Bazile was an infant at the time of the alleged sexual assault. However, the infancy of an injured claimant does not, by itself, compel the granting of a petition for leave to serve a late notice of claim and Plaintiffs have failed to establish a nexus between the delay and Bazile's infancy (See Rennel S. V. North Junior High School, 12 A.D.3d 518, 519 [2d Dept. 2004]). Plaintiffs maintain that they still have demonstrated a reasonable excuse for the delay because they were not aware that defendant Morgan was employed the Department of Education until April 20, 2010. Considering Plaintiffs identified defendant Morgan as a "New York City public school aide" in the initial Notice of Claim filed on July 31, 2008, this assertion is without merit. To the extent plaintiffs are claiming ignorance of the need to sue the Department of Education instead of the City of New York, that is not a reasonable excuse (See Indar v. City of New York, 71 A.D.3d 635, 637 [2d Dept. 2010]).

While these failures do not require denial of petitioners application (see Porcaro v. City of New York, 20 A.D.3d 357, 358 [2d Dept. 2005]; Nairne v. N.Y. City Health & Hospitals Corp., 303 A.D.2d 409, 409-10 [2d Dept. 2003]), Plaintiffs have also failed to establish that the Department of Education had actual knowledge of the facts constituting the claim. Plaintiff relies on confidential memoranda in possession of the Department of Education that indicates the Department was aware that Defendant Morgan was charged with a criminal sexual act and endangering the welfare of a child. These documents, however, cannot provide actual knowledge of the facts constituting Bazile's claims because they do not identify the victim, location, time, or date of the alleged crime (Cf. Casias v. City of New York, 39 A.D.3d 681, 683 [2d Dept. 2007]). Finally, the delay of more than two years would substantially prejudice the Department of Education's ability to investigate and defend this action (See id.).

Accordingly, Plaintiffs' motion for leave to serve a late notice of claim on the Department of Education is denied. As the relation-back doctrine applies to amendments of pleadings, the Court does not need to reach that part of Plaintiffs' argument.

2009/22257 ORDER SIGNED  (Page 4 of 4)

Finally, the City of New York cross moves for dismissal of Plaintiffs' complaint on the ground that the City of New York is not a proper party to this action.  As previously discussed, Plaintiff Ulysse's claim must be dismissed for failure to file a timely notice of claim and failure to file the complaint within the applicable statute of limitations.  With respect to Plaintiff Bazile's claim, it is well established that the City cannot be held liable for the torts committed by the Department of Education and its employees (See Allende v. City of New York, 69 A.D.3d 931, 932 [2d Dept. 2010]; Perez v. City of New York, 41 A.D.3d 378, [1st Dept. 2007]).  Accordingly, the City's cross-motion to dismiss the complaint is granted and the Complaint is dismissed against the City only.

October 4, 2010

QUEENS COUNTY CLERK
FILED
2010 OCT 15 s. P.M.
A 10: 17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STACY BAZILE,

                                    Plaintiff,

          -against-

THE NEW YORK CITY DEPARTMENT
OF EDUCATION,

                                    Defendant.
------------------------------------------------------------X

# Exhibit 2

SHORT-FORM ORDER

NEW YORK SUPREME COURT - QUEENS COUNTY

Present: <u>HON. PHYLLIS ORLIKOFF FLUG</u>,    IA Part 9
Justice

---

STACY BAZILE, an infant by her
mother and natural guardian,
MARIE ULYSSE, and MARIE ULYSSE,
individually,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK and DWIGHT
MORGAN,

                              Defendant.

---

Index Number..22257/09

Motion Date...3/8/11

Motion Cal.
Number........2

Sequence No...2

---

The following papers numbered 1 to 4 read on this motion

| | |
|---|---|
| Notice of Motion | 1 - 2 |
| Affirmation in Opposition | 3 |
| Reply Affirmation | 4 |

---

        Plaintiffs, Stacey Bazile, an infant by her mother Marie
Ulysse, and Marie Ulysse, individually, move to renew or reargue
their prior motion for leave to file a late Notice of Claim.
That prior motion was denied by this Court on October 4, 2010.

        This is an action to recover damages allegedly sustained by
infant plaintiff Stacy Bazile between May 2, 2008 and May 9, 2008
as a result of her alleged sexual assault by co-defendant, Dwight
Morgan, an employee at Stacy Bazile's school, PS/IS 116, located
at 107-25 Wren Place, in the County of Queens, City and State of
New York.

        A motion to renew "shall be based upon new facts not offered
on the prior motion that would change the prior determination or
shall demonstrate that there has been a change in the law that
would change the prior determination" and "shall contain
reasonable justification for the failure to present such facts on
the prior motion" (CPLR § 2221[e][2], [3]).  Here, the new facts
being offered are a report by school sergeant, James C. Briones,
which indicates that he visited the school on May 9, 2008, after
the infant plaintiff reported that she was raped by a school aide

at his home on Friday May 2, 2008, and indicates that multiple school officials and officers had been notified of the sexual assault.

Plaintiffs contend they were unable to present these facts on the prior motion because plaintiff did not receive Sgt. Briones's report until November 9, 2010.  Nevertheless, the cover letter accompanying the report indicated that it was sent to plaintiffs' attorney on April 19, 2010.  In addition, the cover letter accompanying the documents sent on April 19, 2010 lists Sgt. Briones's report as being included the document production.

At the very least plaintiffs were aware of the existence of Sgt. Briones's report on April 19, 2010, more than a month before they filed their motion for a late notice of claim.  Plaintiffs have failed to identify any steps they took to receive the report before making the prior application and, as such, have failed to demonstrate a reasonable justification for their failure to present Sgt. Briones's report on the prior motion.

A motion to renew "is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Renna v. Gullo, 19 A.D.3d 472 [2d Dept. 2005]).  As such, plaintiffs' motion to renew is denied.

A motion to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR § 2221[d][2]).  It is well settled that "its purpose is not to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided" (Foley v. Roche, 68 A.D.2d 558, 567-68 [1st Dept. 1979]; see also McGill v. Goldman, 261 A.D.2d 593, 594 [2d Dept. 1999]; Pro Brokerage, Inc. v. Home Ins. Co., 99 A.D.3d 971 [1st Dept. 1984]).

Plaintiffs have not established that the court overlooked or misapprehended matters of fact or law.  Their dissatisfaction with certain aspects of the court's determination is not a basis for rearguement.  Leave to reargue, therefore, is not warranted.

Accordingly, plaintiffs' motion is denied in its entirety.


June 1, 2011

_____

                                                  J.S.C.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
STACY BAZILE,

                             Plaintiff,

       -against-

THE NEW YORK CITY DEPARTMENT
OF EDUCATION,

                             Defendant.
----------------------------------------------------------------X

# Exhibit 3

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D34541
O/kmb

_____AD3d_____                                    Argued - March 8, 2012

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SANDRA L. SGROI, JJ.

2010-11600                                             DECISION & ORDER
2011-07470

Stacy Bazile, etc., et al., appellants, v City of New York,
respondent, et al., defendant.

(Index No. 22257/09)

The Cochran Firm, New York, N.Y. (Norman A. Olch of counsel), for appellants.

Michael A. Cardozo, Corporation Counsel, New York, N.Y. (Stephen J. McGrath and Julie Steiner of counsel), for respondent.

In an action, inter alia, to recover damages for personal injuries based upon negligent hiring, retention, and supervision, etc., the plaintiffs appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Queens County (Flug, J.), entered October 15, 2010, as denied those branches of their motion which were, in effect, for leave to serve a late notice of claim upon the New York City Department of Education, to deem their amended notice of claim timely served, nunc pro tunc, and to amend the complaint to add the New York City Department of Education as a defendant, and granted the cross motion of the defendant City of New York pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it, and (2) from so much of an order of the same court entered June 9, 2011, as denied that branch of their motion which was for leave to renew their prior motion.

ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.

In order to maintain a tort action against a school district, a claimant must serve a notice of claim within 90 days of the alleged injury (see Education Law § 3813[2]; General

April 17, 2012                                         Page 1.
BAZILE v CITY OF NEW YORK

Municipal Law § 50-i[1]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 143; *Matter of Padovano v Massapequa Union Free School Dist.*, 31 AD3d 563, 564). Although the notice of claim must be served within 90 days after the claim arises, courts are authorized to extend the time in which to serve a notice of claim, provided that the extension does not exceed the time limit for the commencement of an action by the claimant against the public corporation (*see* General Municipal Law § 50-e[5]). In determining whether to grant leave to serve a late notice of claim or to deem a notice of claim timely served, nunc pro tunc, the court must consider whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the claimant's infancy and the delay in service of a notice of claim, (3) the claimant had a reasonable excuse for the delay, and (4) the public corporation was prejudiced by the delay in its ability to maintain its defense on the merits (*see* Education Law § 3813[2-a]; General Municipal Law § 50-e[5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535; *Matter of Diggs v Board of Educ. of City of Yonkers*, 79 AD3d 869, 869-870; *Troy v Town of Hyde Park*, 63 AD3d 913, 914; *Matter of Formisano v Eastchester Union Free School Dist.*, 59 AD3d 543, 544).

Here, the Supreme Court properly denied that branch of the plaintiffs' motion, made after the statute of limitations had expired, which was, in effect, for leave to serve a late notice of claim upon the New York City Department of Education (hereinafter the DOE) on behalf of the mother in her individual capacity (*see Kim L. v Port Jervis City School Dist.*, 77 AD3d 627, 630). "The infancy toll (*see* CPLR 208) is personal to the infant . . . and does not extend to [a] derivative cause of action" (*Matter of Andrew T.B. v Brewster Cent. School Dist.*, 18 AD3d 745, 748; *see Kim L. v Port Jervis City School Dist.*, 77 AD3d at 630; *Matter of Ricci v Harrison Cent. School Dist.*, 27 AD3d 653, 653-654; *Nardi v County of Nassau*, 18 AD3d 520, 521).

The Supreme Court also providently exercised its discretion in denying that branch of the plaintiffs' motion which was, in effect, for leave to serve a late notice of claim upon the DOE on behalf of the infant plaintiff (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 143). Not only did the plaintiffs fail to satisfy their burden of showing that the DOE acquired timely, actual knowledge of the essential facts constituting the claim, they did not offer a reasonable excuse for the delay in seeking leave to serve a late notice of claim (*see Robertson v Somers Cent. School Dist.*, 90 AD3d 1012, 1013; *Matter of Diggs v Board of Educ. of City of Yonkers*, 79 AD3d at 870). Furthermore, the infancy of one of the plaintiffs, without any showing of a nexus between the infancy and the delay, was insufficient to constitute a reasonable excuse (*see Robertson v Somers Cent. School Dist.*, 90 AD3d at 1012-1013).

With respect to that branch of the plaintiffs' motion which was for leave to renew, "[i]n general, a motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and must set forth a reasonable justification for the failure to present such facts on the prior motion" (*Worrell v Parkway Estates, LLC*, 43 AD3d 436, 437). A motion "to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Renna v Gullo*, 19 AD3d 472, 473 [internal quotation marks omitted]). The Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion (*see*

*Worrell v Parkway Estates, LLC*, 43 AD3d at 437). Here, in support of that branch of their motion which was for leave to renew, the plaintiffs submitted additional facts known to them at the time of the prior motion without demonstrating a reasonable justification for failing to submit them on the earlier motion (*see Renna v Gullo*, 19 AD3d at 473). Thus, the Supreme Court properly denied that branch of the plaintiffs' motion which was for leave to renew.

The plaintiffs' remaining contentions are without merit.

RIVERA, J.P., CHAMBERS, ROMAN and SGROI, JJ., concur.

ENTER:

Aprilanne Agostino
Clerk of the Court

April 17, 2012                                                                                 Page 3.

BAZILE v CITY OF NEW YORK