UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STACY BAZILE,

                Plaintiff,

  - against -

THE CITY OF NEW YORK DEPARTMENT OF EDUCATION,

       Defendant.
------------------------------------------------------------x

MEMORANDUM AND ORDER

12 Civ. 6267 (ILG) (MDG)

GLASSER, Senior United States District Judge:

      Plaintiff Stacy Bazile brings this action against defendant New York City Department of Education alleging that she was denied her constitutional rights due to defendant's custom, practice, or policy of permitting untrained and unsupervised male aids to oversee female minors. Currently before the Court is defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, defendant's motion is hereby GRANTED.

## BACKGROUND

      The following facts are taken from plaintiff's Complaint and attached exhibits; they are accepted as true for purposes of this motion.

    **I.    Facts**

      In 2008, plaintiff was 13-years-old and attended Intermediate School ("I.S.") 147, a public school located in Queens, New York run by defendant. Compl. ¶¶ 20, 23 (Dkt. No. 1). Plaintiff was suspended from school from April 28, 2008 through April 30, 2008, and was directed to serve her suspension in I.S. 116, which is also located in Queens and run by defendant. Id. ¶ 21. Dwight Morgan was a school aid who monitored I.S. 116's suspension program, including plaintiff. Id. ¶ 23. For several days

1

after the suspension, Morgan sexually harassed plaintiff at school and over the phone, including sending her several sexually suggestive text messages. Id. ¶ 24. On May 2, 2008, Morgan followed plaintiff home from school, forced her into his car, brought her to his home, and raped her. Id. ¶ 25. Morgan continued to sexually harass plaintiff afterwards. Id. ¶ 26.

On May 9, 2008, plaintiff's mother learned of the rape and contacted the police and officials at I.S. 116. Id. ¶ 27. Morgan was arrested that day and subsequently convicted and imprisoned "for his criminal wrongdoing." Id. ¶¶ 32-33.

## II.  Procedural History

On August 18, 2009, plaintiff's mother filed suit against the City of New York and Morgan, both individually and on plaintiff's behalf, in New York Supreme Court, Queens County. Id. ¶ 10, Ex. 1. Plaintiff and her mother attempted to add defendant to that suit on June 3, 2010, but the court denied the motion to amend for failure to comply with notice of claim requirements. Id. ¶¶ 12, 14, Ex. 1. The court also denied plaintiff's and her mother's motion to renew and reargue, and both rulings were upheld on appeal. Id. ¶¶ 15, 17, Exs. 2-3.[1]

Plaintiff commenced this action on December 20, 2012, and defendant answered the Complaint on February 7, 2013. Dkt. Nos. 1, 5. On April 15, 2013, defendant moved for judgment on the pleadings, arguing that plaintiff has not sufficiently alleged a policy or practice that caused plaintiff's harms. Def.'s Mem. (Dkt. No. 12). Plaintiff filed her

---

[1] The state court opinions are not entitled to preclusive effect because they were decided on notice grounds, so plaintiff "did not receive a full and fair opportunity to litigate" her constitutional claims against defendant. Allen v. McCurry, 449 U.S. 90, 95-96, 101 (1980).

opposition on May 29, 2013, and defendant filed its reply on June 12, 2013.  Pl.'s Opp'n (Dkt. No. 15); Def.'s Reply (Dkt. No. 17).

## DISCUSSION

### I. Legal Standards

#### A. Rule 12(c)

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "In deciding a motion under Rule 12(c), the Court applies the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." Gelicity UK Ltd. v. Jell-E-Bath, Inc., No. 10 Civ. 5677, 2013 WL 3315398, at *2 (E.D.N.Y. July 1, 2013) (quotation omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Although detailed factual allegations are not necessary, the pleading must include more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"; mere legal conclusions, "a formulaic recitation of the elements of a cause of action," or "naked assertions" will not suffice.  Id. (internal quotations and citations omitted).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Twombly, 550 U.S. at 556).  Determining whether a pleading states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.

3

### B. Judicial Notice

Plaintiff attaches a number of exhibits to her opposition papers. Sells Aff. ¶ 3 (Dkt. No. 14). When considering a motion for judgment on the pleadings, "a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits[,] . . . [but] it may also consider matters of which judicial notice may be taken." Goodman v. Port Auth. of N.Y. & N.J., 850 F. Supp. 2d 363, 380 (S.D.N.Y. 2012) (quoting Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991)). "The court may judicially notice a fact that is not subject to reasonable dispute," Fed. R. Evid. 201(b), but the "[s]pecified fact must be relevant." 21B Charles A. Wright & Kenneth W. Graham., Federal Practice and Procedure: Evidence § 5104 (2d ed. 2005). "[I]t is proper to take judicial notice of the fact that press coverage, prior lawsuits, or regulatory filings contained certain information, without regard to the truth of their contents." Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008) (citing Kramer, 937 F.2d at 773) (emphasis in original).

Plaintiff submits five reports compiled by the Office of the Special Commissioner of Investigation for the New York City School District ("SCI"), several press releases and news articles, and portions of Morgan's employment application. Sells Aff. ¶ 3. The Court takes judicial notice of the fact of the 2007 SCI report, October 30, 2007 SCI press release, and February 25, 2008 SCI press release, but not their contents. Id., Exs. 1, 4. The remaining reports and press coverage occurred after plaintiff was sexually harassed and raped and, therefore, are not relevant to this action. The Court cannot take notice of Morgan's employment application without converting plaintiff's motion to one for summary judgment. See Staehr, 547 F.3d at 426.

### II. Monell Claim

Plaintiff alleges that defendant violated her constitutional due process rights by failing to protect her from Morgan, and brings this action under 42 U.S.C. § 1983.[2]

"Section 1983 governs civil rights actions against a person acting under color of state law who 'subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.'" Pleasure Island, Inc. v. City of New York, No. 12 Civ. 4699, 2013 WL 2311837, at *4 (E.D.N.Y. May 24, 2013) (quoting 42 U.S.C. § 1983). "The statue itself is not a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred, here, the . . . Fourteenth Amendment[]." Id. (quotation omitted).

"In order to establish municipal liability for unconstitutional acts by municipal employees, a plaintiff must show that the violation of [her] constitutional rights resulted from a municipal policy, custom, or practice." Id. at *6 (citing Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 694 (1978)). "The failure to train or supervise city employees 'may constitute an official policy or custom if the failure amounts to 'deliberate indifference' to the rights of those with whom the city employees interact.'"

---

[2] The Complaint itself "asserts violations of . . . the 1st, 5th, 8th, and 14th Amendments." Compl. ¶ 2. It later alleges that "Dwight Morgan violated the Plaintiff's due process rights under the 4th, 5th, and 14th Amendments," and that plaintiff "was also subjected to cruel and unusual punishment under the 6th Amendment." Id. ¶¶ 36, 38. These are presumably typographical errors since the Complaint makes no further mention of First Amendment violations, the Fourth Amendment does not contain a due process clause, the Fifth Amendment due process clause only applies to the federal government, and the prohibition on cruel and unusual punishment lies in the Eighth Amendment. Moreover, the Eighth Amendment does not apply to "public school disciplinary practices." Rhoades v. Chapman, 452 U.S. 337, 345 n.11 (1981) (citing Ingraham v. Wright, 430 U.S. 651 (1977)). Therefore, plaintiff's First Amendment, Fourth Amendment, Fifth Amendment, and Sixth or Eighth Amendment claims are dismissed.

Celestin v. City of New York, 581 F. Supp. 2d 420, 435 (E.D.N.Y. 2008) (quoting Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007)). "'Deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Connick v. Thompson, 131 S. Ct. 1350, 1360 (2011) (quotation omitted). In addition, plaintiff "must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 404 (1997); see also Cash v. Cnty. of Erie, 654 F.3d 324, 342 (2d Cir. 2011) (finding that "'proximate cause,' although derived from tort law, fairly describes a plaintiff's causation burden with respect to a municipal liability claim under § 1983").

This case begs the question of the scope of defendant's duty to train or supervise its employees. Does or did defendant have a duty to train or supervise its employees not to commit rape when no longer engaged in the scope of their employment? Or, to put it differently, did defendant breach a duty owed to this plaintiff? The answer to that question is that it did not. Judge Cardozo explained that "[t]he risk reasonably to be perceived defines the duty to be obeyed." Palsgraf v. Long Island R.R. Co., 162 N.E. 99, 100 (N.Y. 1928). Clearly, to impose upon this defendant the duty to have perceived that Morgan, or any of its teachers, would have raped a student while not acting in his role as a teacher and not even on school grounds is to make defendant an insurer of its students against any injury caused by its employees whenever, wherever, and however it occurs. See Romero v. City of New York, 839 F. Supp. 2d 588, 619-25 (E.D.N.Y. 2012) ("[A] 'state's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause.'" (quoting DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 197 (1989))). This far exceeds the scope of

6

defendant's duty to train or supervise its employees.  See <u>D.T. v. Indep. Sch. Dist. No. 16</u>, 894 F.2d 1176, 1189, 1192 (10th Cir. 1990) (finding that sexual molestation by teacher during summer vacation was "too remote a consequence" from school district's policies to support liability under § 1983).  Accordingly, plaintiff's claim is dismissed.

## CONCLUSION

For all of the foregoing reasons, defendant's motion is hereby GRANTED.

SO ORDERED.

Dated:     Brooklyn, New York
           July 11, 2013

                                    _____/s/ ILG_____
                                    I. Leo Glasser
                                    Senior United States District Judge